THOMAS JEFFERSON REYNOLDS, Respondent, v. UNITED RAILWAYS COMPANY, of St. Louis, Appellant.

St. Louis Court of Appeals.  Argued and Submitted October 6, 1909; Opinion Filed October 19, 1909.

1. PERSONAL INJURIES: Damages: Instructions: Allowing Recovery for Element not Proven.  In an action for personal injuries where there is no evidence of any expense incurred or paid by plaintiff in the employment of others to assist in his business while he was injured, or of any loss of business, or of any expenditure for medicine and medical attention, an instruction on the measure of damages which authorizes an award for these items is erroneous.

2. STREET RAILWAYS: Instructions: Allowing Recovery Under Ordinance not Pleaded.  Where, in an action for injuries by a collision with a street car, a count based upon the vigilant watch ordinance had been abandoned, the giving of an instruction based upon the ordinance was prejudicial error.

3. APPELLATE PRACTICE: Failure to File Abstract in Time: Dismissal of Appeal Discretionary: Court Rules.  The penalty prescribed by rule 23 for failure to comply with rule 15 is dismissal of the appeal or a continuance or resetting of the cause, in the discretion of the court, and where the appeal is meritorious and respondent does not ask that the cause be continued or reset, but files a full brief and an elaborate and careful argument and argues the case orally, a motion to dismiss the appeal for appellant's failure to file an abstract with the clerk thirty days before the cause is set for hearing, as required by rule 15, will be overruled.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel G. Taylor,* Judge.

REVERSED AND REMANDED.

*Boyle & Priest* and *Glendy B. Arnold* for appellant.

(1)  Plaintiff's second instruction is erroneous because it authorizes a verdict for the violation of the vigilant watch ordinance when no such charge was

contained in that count of the petition on which the case was submitted to the jury. Bragg v. Railroad, 192 Mo. 350; Bailey v. Kansas City, 189 Mo. 514; Givens v. Van Studdiford, 86 Mo. 159; State v. Oddle, 42 Mo. 214; Mooney v. Kennett, 19 Mo. 555. (2) Plaintiff cannot sue on one cause of action and recover on another. Chitty v. Railroad, 148 Mo. 74; Briscoe v. Railroad, 118 Mo. App. 671. (3) Plaintiff's third instruction is erroneous because it does not limit plaintiff's recovery, for the various items of damage, to the respective amounts specified in his petition. Tinkle v. Railroad, 212 Mo. 445; Smoot v. Kansas City, 194 Mo. 522. (4) Plaintiff's third instruction is erroneous for the further reason that the jury are authorized therein to award damages for any expenses incurred by plaintiff in employing others to assist him in his business, and for medicine and medical attention, while there is no evidence from which the jury could determine the reasonable value of such expenses. Heidebrink v. Railways Co., 133 Mo. App. 40; Gibler v. Railroad, 203 Mo. 208.

*Hezekiah Sanders* and *Frederick A. Mayhall* for respondent.

(1) Plaintiff was entitled to show his earnings. Sluder v. Transit Co., 189 Mo. 144; Davidson v. Transit Co., 211 Mo. 355; Nulson v. Railroad, 88 S. W. 781; Tullis v. McDary, 104 N. W. 505; McCarty v. Transit Co., 108 Mo. App. 317. (2) The vigilant watch ordinance is merely declaratory of the common law. Deschner v. Railroad, 200 Mo. 310; Havarka v. Railroad, 191 Mo. 454; Rapp v. Railroad, 190 Mo. 153; White v. Railroad, 202 Mo. 560; Haley v. Railroad, 197 Mo. 23. The vigilant watch ordinance, being merely declaratory of the common law, is admissible as evidence though not pleaded, where the action is founded on common law negligence. Bailey v. Kan-

sas City, 189 Mo. 514; Deschner v. Railroad, 108 Mo. App. 553; Septowski v. Railroad, 102 Mo. App. 110. Where an ordinance of a city is read to the jury as a mere matter of evidence, it should not be pleaded, for to plead evidential facts is bad, and this applies to ordinances. Bailey v. Kansas City, 189 Mo. 514; Robertson v. Railroad, 84 Mo. 121; Danker v. Mfg. Co., 102 Mo. App. 731. The ordinance being introduced as evidence, respondent was entitled to an instruction upon that, as well as any other material fact properly before the jury. Hofelman v. Valentine, 26 Mo. 393; Noffsinger v. Bailey, 72 Mo. 216. Instructions should cover all the issues in evidence. Helm v. Railroad, 98 Mo. App. 419. (3) Although a declaration of law given for the prevailing party is erroneous, yet, if the judgment on the uncontroverted evidence is for the right party, the appellate court will not interfere. Fairbanks v. Long, 91 Mo. 628; Fidelity Co. v. Colvin & Jackson, 83 Mo. App. 204. The defendant may not stand by mute and ask no instruction on a given point if there is evidence to sustain the instruction, and then object that the instruction offered by plaintiff is misleading and general in its scope. The instruction is good as far as it goes. This is true of all elements of damage, except as to amount or value of physician's services. Flaherty v. Railroad, 207 Mo. 338; Duke v. Railroad, 99 Mo. 351; Bragg v. Railroad, 192 Mo. 350; Browning v. Railroad, 124 Mo. 71; Geisman v. Missouri-Edison, 170 Mo. 654; Wheeler v. Bowles, 163 Mo. 398; Merrilees v. Railroad, 163 Mo. 483; Forman v. Railroad, 113 Mo. 408. A general instruction on measure of damages is permissible under the petition. Sweet v. Maupin, 65 Mo. 65; Lynch v. Railroad, 208 Mo. 44; Flaherty v. Railroad, 207 Mo. 338. Failure to make motion to make petition more definite and certain as to elements of damage amounted to waiver and defendant cannot now be heard to complain. R. S. 1899, sec. 640; Lynch v. Railroad, supra; State v. Rucker, 59 Mo. 17; Field v.

Barnes, 35 Mo. App. 511; Carver v. Thornhill, 53 Mo. 283; McClintock v. Bank, 120 Mo. 127. Defendant's offer to allow judgment to be taken is, in effect, the same as an admission made in the answer, or an admission of the defendant on trial. It is permissible in cases of unliquidated damages and authorizes an offer and judgment for the whole of plaintiff's demand. Maxwell v. Railroad, 91 Mo. App. 582; Burham v. Blank, 49 Mo. App. 56; Rosenberg v. Harper, 83 Mo. App. 169; Boyd v. Furniture & Carpet Co., 38 Mo. App. 210.

STATEMENT.—The petition filed contained two counts, the first count founded on what is known as "The Vigilant Watch" ordinance of the city of St. Louis, the second on common law negligence. The cause of action is based on a collision between plaintiff's wagon and an on-coming car of defendant. At the time of the accident plaintiff was driving along the tracks of defendant's road, and at a point where an excavation in the street along side of the track rendered it impracticable to use the street, his wagon was overtaken and run into by a car operated by defendant company, plaintiff thrown off and hurt, his horses so injured that one of them died, the load in the wagon also being damaged. The evidence tended to show that the value of the horse which died as the result of the injuries was $225; the damage to the other horse $200; the wagon which was demolished was valued at $175, and would cost $225 to replace it with a new one; that plaintiff's clothes were damaged in the amount of $10; he was idle four weeks or more on account of his injuries, which consisted of a scalp wound, cuts and bruises on his face, head and shoulder, his back was wrenched, his hip and knee injured, followed by general physical weakness, pains, trouble in his head and body.

At the close of the evidence plaintiff dismissed as to the first count and went to the jury on the second.

Among the instructions given at the instance of plaintiff are two, numbered 2 and 3, and as follows:

"2. The court instructs the jury that by the terms of the ordinance read in evidence, the defendant's motorman in charge of the car that collided with the vehicle of which plaintiff was an occupant (if you find that the said car did so collide with said vehicle), was bound to keep a vigilant watch for persons on foot and vehicles, either upon defendant's track or moving towards it, and on the first appearance of danger to such person or vehicle the person or persons in charge of said car were bound to use ordinary care to stop said car in the shortest time and space possible under the circumstances, by reasonable use of the means at his command, and a failure to keep such vigilant watch and to so stop said car upon the first appearance of danger (if defendant's said servant did so fail) was negligence upon the part of the defendant, and if you find that such negligence caused said injury to plaintiff's person and damage to his property; and if the plaintiff in said vehicle was exercising ordinary care at the time of and before said injury in averting injury from collision with said car, then plaintiff is entitled to recover.

"3. If the jury find for the plaintiff it should assess his damages at such sum as it believes from the evidence will be a fair compensation to him.

"First. For any pain of body or mind that the plaintiff has suffered, caused directly by his injuries;

"Second. For any expenses necessarily incurred by plaintiff in employing others to assist him in his business, caused directly by his injuries;

"Third. For any expenses necessarily incurred by plaintiff for medicines and medical attention, directly caused by his injuries;

"Fourth. For any loss which the plaintiff sustained to his wagon, team or clothes, caused directly by defendant's negligence.

"All of which damages taken together should not exceed the sum of thirty-two hundred and sixty dollars ($3260)."

There was a verdict of $1800 in favor of plaintiff, followed by a judgment for that amount. After an unsuccessful motion for a new trial and duly saving exceptions, defendant appeals.

REYNOLDS, P. J. (after stating the facts).—We are compelled to reverse the judgment in this case. The instruction as to the measure of damages is erroneous. There was no evidence of any expense incurred or paid out by plaintiff in the employment of others to assist him in his business while suffering from his injuries. There is no evidence of amount paid for medicines or medical attention. There is no evidence of damage by loss of business.

The second instruction, in so far as founded on "The Vigilant Watch" ordinance, should not have been given. The count sounding on that was abandoned. The ordinance is not mentioned in the count on which the case went to the jury. While our courts have held that this ordinance is merely declaratory of the common law, this ruling has always been made in cases in which the ordinance was pleaded. In this second instruction the ordinance is distinctly embodied. Septowski v. Railroad, 102 Mo. App. 110, was a case before a justice of the peace, where no pleadings are required. In all cases from Rapp v. Transit Co., 190 Mo. 144, to White v. Railroad, 202 Mo. 539, the ordinance was pleaded in the count on which the case went to the jury. The ordinance given in evidence in this case, was before the jury; they were instructed under it, and yet the count sounding on it had been abandoned. We think this was error to the prejudice of the defendant.

Counsel for respondent move to dismiss the appeal for failure to file the abstract with the clerk of this court at least thirty days before the cause was here

set for argument, and he invokes rule 12 of our court. Rule 12, as amended July 20, 1909, does not take effect until January 1, 1910 (see 135 Mo. App. XII). Rule 23 of our former rules is in force as to all cases on the October, November and December, 1909, docket. This case was on the October, 1909, docket. Under rule 15 of the rules governing this case (see 134 Mo. App. X) failure to comply with rule 15 is penalized at discretion of the court, by dismissal or continuance and re-setting of the cause. We decline to dismiss the appeal, as we consider it meritorious, and we hardly suppose counsel for respondent desires that it be continued or reset. At least he has not asked that and has not only filed full brief and elaborate and careful argument, but argued the case orally when it was reached on the docket. The motion to dismiss the appeal is overruled and the judgment of the circuit court is reversed and the cause remanded. All concur.